## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

**BOBBY RANDELL SUGGS,**

        **Plaintiff,**

**v.**                                 **Case No. 19-CV-264-JFH**

**SOCIAL SECURITY**
**ADMINISTRATION,**

        **Defendant.**

## ORDER

Before the Court is the Report and Recommendation of the United States Magistrate Judge Kimberly E. West reviewing the decision of the Commissioner of the Social Security Administration ("Commissioner") to deny disability benefits to Plaintiff Bobby R. Suggs ("Suggs"). Dkt. No. 20. The Magistrate Judge recommends the Commissioner's denial of benefits be affirmed. *Id.* For the reasons set forth below, the Court agrees, overrules Suggs' objection [Dkt. No. 21], adopts the Magistrate Judge's Report and Recommendation [Dkt. No. 20] and affirms the Commissioner's denial of benefits.

## PROCEDURAL BACKGROUND

Suggs protectively filed for a period of disability and disability insurance benefits under Title II of the Social Security Act on February 27, 2017. The Social Security Administration ("SSA") denied Suggs' claim. As a result, Suggs filed a written request for hearing and a video hearing was held before Administrative Law Judge ("ALJ") Doug Gabbard, II, on August 8, 2018. On August 22, 2018, the ALJ entered an unfavorable decision denying Suggs disability benefits. *See* Dkt. No. 2-1. The SSA Appeals Council denied Suggs' request for review, and therefore, the decision of the ALJ constitutes the final decision for purposes of this appeal. *See* 20 C.F.R. §

416.1481.  On July 31, 2020, United States Magistrate Judge Kimberly E. West issued a Report and Recommendation recommending that the decision of the Commissioner be affirmed.  Dkt. No. 20.  Suggs objected to the Report and Recommendation on August 13, 2020, requiring review by this Court.  Dkt. No. 21.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  In the disability benefits context, *de novo* review is limited to determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."  *Doyal v. Barnhart,* 331 F.3d 758, 760 (10th Cir. 2003).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (quoting *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989)).  It is more than a scintilla, but less than a preponderance.  *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007).  On review, the Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

## ANALYSIS

Suggs objects to the Report and Recommendation for four (4) reasons:

(1) The Magistrate Judge's reasoning that because the ALJ identified at least some of Plaintiff's severe impairment at Step Two then the ALJ's failure to properly identify the others is harmless error disregards basic requirements of the sequential evaluation process and draws a premature conclusion that the impairments not identified as severe must therefore not be significant and need not necessarily be addressed in the decision's RFC;

2

(2) The Magistrate's finding that the ALJ did not pick and choose from the evidence is not supported;

(3) The Magistrate's affirmation that jobs identified in the decision are suitable for the Plaintiff (and are consistent with the decisions' RFC) is not supported; and

(4) The Magistrate's affirmation of the decision's credibility finding is not supported.

Dkt. No. 21. The Court will address Suggs' objections in turn.

## I. The alleged Step Two error

Suggs now argues that the ALJ failed to classify his incontinence as "severe" at Step Two which resulted in the ALJ failing to properly consider the incontinence in determining Suggs' residual functional capacity ("RFC"). Dkt. No. 21 at 2. Suggs did not appropriately raise an objection to Step Two in his Opening Brief. *See* Dkt. No. 15. Suggs' Opening Brief focused on the RFC determination and Step Five. *Id.* Within his argument concerning the RFC determination, Suggs stated, "[w]ithout an explanation, the ALJ concluded that [fatigue, lack of stamina, and problems with irregular bowels and leaking bowels] were not serve, (T.17), but this is unsupported." *Id.* at 10-11. Beyond this conclusory statement, Suggs did not contest the ALJ's classification of his impairments as non-severe at Step Two; Suggs merely contested the ALJ's consideration of these impairments in determining his RFC. *See* Dkt. No. 15 at 9-13. Suggs failed to adequately brief the Step Two argument and, as such, the argument is waived. *See Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived".); *see also Steven M. B. v. Berryhill*, No. 17-CV-970, 2019 WL 254372, at *3 (D. Utah Jan. 2, 2019) ("Mr. B. waives any arguments not raised in his opening brief."). The Court need not address it.

To the extent Suggs' position is the ALJ erred in reaching his RFC determination and, now, the Magistrate Judge erred in recommending the ALJ's determination be affirmed, the Report and

Recommendation addresses and rejects Suggs' original argument.  *See* Dkt. No. 20 at 5-17.  The majority of Suggs' objection focuses on his bowel issues.  Dkt. No. 21 at 1-3.  The Magistrate Judge specifically addressed and rejected Suggs' argument that the ALJ did not appropriately consider his incontinence in determining Suggs' RFC.  Dkt. No. 20 at 9.  Specifically, the Magistrate Judge noted the ALJ did consider Suggs' "history of diverticulitis, with current symptoms including irregular bowels, leaking bowels and constipation."  *Id.*; Dkt No. 2-1 at 10 (ALJ expressly considering these impairments).  The ALJ stated, "[h]owever, he is prescribed no gastrointestinal medications.  Indeed, there is no indication he has received any further treatment for gastrointestinal issues following his September 3, 2013 discharge for enterocutaneous fistula."  Dkt. No. 2-1 at 10.  The ALJ's factual finding was supported by substantial evidence in the record and correctly considered both Suggs' severe and non-severe impairments as required by 20 C.F.R. § 404.1545(a)(2).

## II.   The ALJ's alleged "picking and choosing"

Next, Suggs argues the Magistrate Judge erred because she recognized the ALJ gave Dr. Horton's opinion "great weight" but did not reconcile this with one of Dr. Horton's limitations being omitted from the RFC determination.  Dkt. No. 21 at 3-4.  Specifically, Suggs argues Dr. Horton's opinion that Suggs "appears to be having significant distress when coping with stressors" is a limitation that was not considered by the ALJ in reaching his RFC determination.  *Id.*  Suggs fails to articulate how the ALJ's determination that he could complete "semi-skilled" work[1] and the ALJ's finding that Suggs not be required to work in fast-paced environments or have more than superficial contact with supervisors and co-workers does not account for the limitation that

---

[1] Semi-skilled work "is work which needs some skills but does not require doing the more complex work duties."  20 C.F.R. § 404.1568(b).

he has significant distress when coping with stressors.  Contrary to Suggs' position the ALJ did

take this limitation into consideration, as noted by the Magistrate Judge:

> The ALJ assigned Dr. Horton's findings "great weight" and *specifically accounted for her findings by limiting* Claimant to semi-skilled work, by finding Claimant could attend and concentrate for extended periods but should have normal, regular work breaks, *should not be required to work at fast-paced production line speeds*, and that his contact with supervisors and co-workers would be superficial to the work involved.

Dkt. No. 20 at 14 (emphasis added).  This Court concludes the ALJ's decision is supported by

substantial evidence and is not contrary to the law.

### III.    The allegation that the jobs identified in Step Five are not suitable for Suggs

Next, Suggs argues "[t]he ALJ improperly presented a simplified mental RFC finding to

the VE that did not encompass all of the findings made in the decision, which included a specific

limitation regarding pace."  Dkt. No. 21 at 5.  However, Suggs did not raise any concerns with

respect to the pace of the jobs identified in Step Five in his Opening Brief.  Dkt. No. 15 at 14.

Therefore, this argument is deemed waived.  *Marshall,* 75 F.3d at 1426-27.

Furthermore.  Suggs only offers the conclusion that "laundry worker" and "industrial

cleaner" are "necessarily . . . fast paced."  Dkt. No. 21 at 4.  Suggs does not offer any support,

authority or evidence for this assertion.  Suggs' assertion that the ALJ's hypothetical question to

the Vocational Expert did not include a limitation on pace is not supported by the record.  The ALJ

specifically asked the Vocational Expert:

> Q:  Let me have you assume that we have a second hypothetical person the same age, education and work experience of Mr. Suggs, who can perform medium work, but this person also has some mental health limitations.  This person is limited to semi-skilled work, work which requires understanding, remembering, and carrying out some detailed skills, but is not required doing more complex duties. Interpersonal contact with supervisors and coworkers should be superficial to the work involved.  He can attend and concentrate for extended periods, at normal rate or work breaks.  *He should not be required to work at fast paced, production line speeds*.  Could this hypothetical person perform Mr. Suggs past work?

A:  No, Your Honor.

Q:  And I assume that because he has no transferrable skills – well, I guess we're in a medium work range, so are there other jobs that he could perform?

A:  Jobs that would fit within the hypothetical would be the job of laundry worker I. . . . The job of an industrial cleaner.

Dkt. No. 13 at 65-66 (emphasis added).  The Court concludes the ALJ's decision is supported by substantial evidence and is not contrary to the law.  *Qualls v. Apfel,* 206 F.3d 1368, 1373 (10th Cir. 2000) (finding an ALJ's hypothetical questioning of the VE provided an appropriate basis for a denial of benefits because the "question included all the limitations the ALJ ultimately included in his RFC assessment.").

**IV.    The allegation that the credibility finding is not supported**

Finally, Suggs contends the ALJ failed to properly weigh his subjective complaints and improperly dismissed his daughter's report and his treating physician's opinion.  Dkt. No. 21 at 5.  The Report and Recommendation addresses and rejects this contention.  Dkt. No. 20 at 10-12 (discussion of Dr. Conklin's opinion); 14-15 (daughter's function report) and 15-17 (Suggs' subjective complaints).  The Magistrate Judge concluded the ALJ properly considered and discounted or disregarded these opinions and testimony.

With respect to Dr. Conklin's opinion, an ALJ must provide specific, legitimate reasons for rejecting a medical opinion.  *Doyal v. Barnhart,* 331 F.3d 758, 764 (10th Cir. 2003).  Further, "an ALJ must give good reasons for the weight assigned to a treating physician's opinion, that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight."  *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004).  "As long as the ALJ provides 'good reasons in his decision for the weight he gave to the . . . opinion[], [n]othing more [is] required[.]'"  *Mounts v. Astrue*, 479

Fed. Appx. 860, 865 (10th Cir. 2012) (quoting *Oldham v. Astrue,* 509 F.3d 1254, 1258 (10th Cir. 2007).  Here, the ALJ gave sufficiently clear, good reasons for discounting Dr. Conklin's opinion. The ALJ gave Dr. Conklin's opinion "little weight" because it lacked supportability and consistency, the medical record did not support Dr. Conklin's opinion, Dr. Conklin's treatment notes identified few abnormal findings and his opinion was inconsistent with other evidence in the record.  Dkt. No. 20 at 12.

With respect to Suggs' daughter's third-party report, the ALJ is entitled to discount third-party testimony when it is inconsistent with the objective medical evidence.  *Barker v. Astrue,* 459 Fed. Appx. 732, 740 (10th Cir. 2012) (unpublished).  The ALJ applied the proper legal standards and adequately explained the basis of his credibility determination in considering Suggs' daughter's report.

Lastly, concerning Suggs' subjective complaints, the ALJ's decision "must contain specific reasons for the weight given to the [claimant's] symptoms, be consistent with and supported by the evidence, and be clearly articulated so the [claimant] and any subsequent reviewer can assess how the [ALJ] evaluated the [claimant's] symptoms."  Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *10.  Further, the ALJ's evaluation of a claimant's pain or symptoms is to be given deference unless there is an indication the ALJ misread the medical evidence as a whole.  *See Cascias,* 933 F.2d at 801.  The ALJ provided specific reasons for the weight given to Suggs' symptoms.  Dkt. No. 2-1 at 11-14.  The ALJ thoroughly considered Suggs' subjective complaints in conjunction with the medical evidence.  *Id.*  Overall, the Court concludes that the ALJ's treatment of Dr. Conklin's opinion, Suggs' daughter's third-party report and Suggs' subjective complaints is supported by substantial evidence and not contrary to law.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff Bobby R. Suggs' Objection [Dkt. No. 21]

is **OVERRULED**, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Dkt.

No. 20] and **AFFIRMS** the Commissioner's denial of benefits.

DATED this 25th day of March, 2021.

_____

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE